IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAVELLE MOORE, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Civ. No. 3:05-cv-0805 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |
| | Judge Trauger |
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 3:01-cr-00137 |
| ) | |
| LAVELLE MOORE | |

**ORDER**

Lavelle Moore, the movant in civil case number 3:05-cv-0805 and the defendant in criminal case number 3:01-cr-00137, has filed in both the referenced cases a "Motion to Appeal and/or Modify Final Sentence and Memorandum of Law in Support" in which he moves the court to "modify the term of imprisonment imposed . . . on Feb. 27, 2002 . . . pursuant to § 3582(c)(1)(A) and/or 3582(b)(3)." The movant is not entitled to relief under either of the referenced statutory provisions. Further, to the extent the motion also raises new constitutional challenges to his prior conviction and sentence, the motion must be construed as a second or successive petition over which this court lacks jurisdiction.

**I.    Motion under § 3582**

Under 18 U.S.C. § 3582(b)(3), a judgment of conviction may be "appealed and modified, if outside the guideline range, pursuant to the provisions of section 3742." The movant has not shown that his sentence was outside the guideline range, nor does 18 U.S.C. § 3742 apply. That provision pertains to direct appeals to the court of appeals. The movant here took his direct appeal in this case after his judgment became final in 2002, and the judgment was affirmed by the Sixth Circuit in 2004. *United States v. Moore*, 93 F. App'x 887 (6th Cir. 2004). Moore no longer has the ability to pursue a direct appeal of his sentence, and he waived whatever issues he could have but failed to raise on direct appeal. *Huff v United States*, 734 F.3d 600, 605–06 (6th Cir. 2013).

Likewise, Moore's sentence cannot be reduced pursuant to 18 U.S.C. § 3582(c)(1)(A) because that provision is also inapplicable. Section 3582(c) states, in pertinent part, that "the court, *upon motion of the Director of the Bureau of Prisons*, may reduce the term of imprisonment . . . if it finds that (i) extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added). Here, the defendant/movant, not the Director of the Bureau of Prisons, has submitted the motion for reduction in sentence. The statute clearly grants the court discretion to reduce an imposed sentence under § 3572(c)(1)(A) only where the Director makes a motion for such, rather than a defendant.

Other provisions of subsection (c) are similarly inapplicable. Under 18 U.S.C. § 3582(c)(1)(B), "the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Moore has identified no other statutory authority for reducing his sentence, and Rule 35 permits a reduction only to "correct a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). 18 U.S.C. § 3582(c)(2) permits a court reduce a prison sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission." Moore does not allege that his sentencing range was subsequently lowered by the Sentencing Commission. This section, therefore, is also inapplicable.

The motion to modify the sentence under 18 U.S.C. § 3582(c)(1)(A) or § 3582(b)(3) is therefore **DENIED**.

## II. Second or Successive Habeas Motion

Insofar as Moore also challenges his sentence based on alleged violations of the Fifth and Sixth Amendments and on the basis of the Supreme Court's recent decision in *Alleyne v. United States*, 570 U.S. ----, 133 S. Ct. 2151 (2013), these claims represent entirely new grounds for challenging the constitutionality of the same judgment and sentence that the movant attacked in a prior § 2255 motion.[1]

---

[1] Moore's conviction became final in 2004. He filed his first post-conviction petition under 28 U.S.C. § 2255 in October 2005. The motion was denied in November 2005 and Moore did not appeal, but he filed a motion for relief from judgment under Rule 60 of the Federal Rules of Civil Procedure in April 2013. That motion was denied. Moore sought to appeal but, despite being directed to do so by this court, failed to submit either the appellate filing fee or a motion to pursue his appeal *in forma pauperis*. The Sixth Circuit Court of Appeals therefore dismissed the appeal for failure to prosecute in November 2013. Two months later, Moore submitted a letter requesting the reinstatement of his appeal. This court denied the request for lack of jurisdiction.

The court therefore construes the motion as a second or successive habeas petition. *Cf. Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir. 2014) (holding, in the context of a motion filed by a state prisoner, that "an 'application' for habeas relief is a filing that contains one or more 'claims.' A motion contains a 'claim,' and is thus a successive habeas petition, if it asserts a federal basis for relief . . . by seek[ing] to add a new ground for relief or attack[ing] the federal court's previous resolution of a claim on the merits. . . . A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute.").

A prisoner may not file a second or successive habeas corpus petition unless and until the court of appeals issues an order authorizing the district court to consider the motion. 28 U.S.C. §§ 2255(h), 2244. This court lacks jurisdiction to consider his new claims in the absence of such an order from the Sixth Circuit. The Sixth Circuit has held that "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the circuit court of appeals], *the district court shall transfer the document* to [the circuit court of appeals] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (per curiam) (emphasis added).

Accordingly, the Clerk of Court is **DIRECTED** to **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45 (6th Cir. 1997), for consideration of the new constitutional claims asserted in the motion.

It is so **ORDERED**.

Aleta A. Trauger
United States District Judge